IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD P. BROWN, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER COUNTY PRISON, et al. | : | NO. 16-3097 |

FILED
JUN 27 2016
MICHAEL E. KUNZ, Clerk
By_____ Dep Clerk

<u>MEMORANDUM</u>

STENGEL, J.                                                                 JUNE 27, 2016

Plaintiff Donald P. Brown, Sr., a prisoner incarcerated at SCI-Coal Township, brings this action pursuant to 42 U.S.C. § 1983, based on an incident that occurred at the Chester County Prison, where he was previously confined. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    FACTS

Plaintiff alleges that on June 15, 2015, he fell from the top bunk bed where he was sleeping at the Chester County Prison. As a result of the fall, plaintiff sprained his neck and shoulder and suffered from a concussion. He also lost two teeth and "a lot of blood." (Compl. ¶ II.D.) After his fall, plaintiff was "rushed to a hospital" for treatment. (*Id.*)

Plaintiff alleges that, when he returned to the prison, "no one, i.e., both guards as well as medical staff did nothing remotely close to helping [him] after [his] repeated request [sic] for medical treatment." (*Id.*) He also notes that his injuries "could have been avoided or prevented had the top bunk been outfitted with a safety rail." (*Id.*)

Plaintiff alleges that Karen Murphy of the Medical Department attempted to "downplay the extent of [his] injuries to avoid a lawsuit." (*Id.*) Captain Morgan Taylor also allegedly attempted

1

to "downplay" the incident by preventing plaintiff from "effectively utiliz[ing] the grievance process." (*Id.*) That allegation appears to be based on plaintiff's dissatisfaction with Captain Taylor's response to his grievance about the circumstances that led to his fall. Plaintiff attached a copy of that grievance and Captain Taylor's response to the complaint, which reflect that plaintiff grieved the absence of safety rails on the top bunks and Captain Taylor responded that the "facility has never been deemed deficient with regards to the beds" in the course of regular inspections. Plaintiff appealed his grievance to Warden McFadden, but alleges that he did not receive a response. Plaintiff also attached to his complaint a copy of a sick call request to PrimeCare Medical, Inc. in which he sought treatment for head, neck, and shoulder pain.

Based on those allegations, plaintiff initiated this lawsuit pursuant to 42 U.S.C. § 1983 against the Chester County Prison, Terence Farrell, Warden D. Edward McFadden, Captain Morgan Taylor, Karen Murphy, and Prime Care Medical, Inc. He seeks damages for injuries he sustained from the fall and an injunction requiring the Chester County Prison to install safety rails on the bunk beds at the facility.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[1] However, as plaintiff is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). As plaintiff's status during his incarceration at the Chester County Prison is not clear from the complaint, the Court will analyze his claims under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions were objectively serious such that they deny the prisoner the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). The prisoner must also establish that each defendant acted with deliberate indifference, i.e., that the defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm [to the prisoner] exist[ed], and he . . . [drew] the inference." *Id.* at 837. A pretrial detainee claiming a Fourteenth Amendment violation must establish that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard*, 399 F.3d at 158. Negligence is not actionable under either constitutional provision. *See Farmer*, 511 U.S. at 835; *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

To the extent plaintiff is raising claims based on the absence of safety rails that could have prevented his fall, his claims fail. Courts faced with similar allegations have held that the absence of a safety mechanism on the top bunk in a prison cell at most suggests negligence and does not give rise to a constitutional claim. *See, e.g., Tutora v. Sweeney*, No. CIV.A. 14-4458, 2014 WL 7059086, at *2 (E.D. Pa. Dec. 15, 2014) ("[T]he absence of a ladder or railing from the top bunk does not create an objectively serious condition threatening inmate safety or reflect deliberate indifference on behalf of prison officials."); *Williams v. Corizon*, Civ. A. No. 12-2412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013) ("To the extent that Plaintiff attempts to argue that Defendant City of Philadelphia is liable because they did not have ladders for all the bunk beds, such argument fails, since that is, at most, negligence, which does not demonstrate the requisite culpability for liability to attach."); *Walker v. Walsh*, Civ. A. No. 11-1750, 2012 WL 314883, at *5 (M.D. Pa. Feb. 1, 2012) ("[F]ailing to install safety rails on an upper bunk of a set of bunk beds that is to be exclusively utilized by adults does not constitute a condition which would pose an unreasonable risk of future injury." (internal quotation marks omitted)); *Pumphrey v. Smith*, Civ. A. No. 09-233, 2010 WL 4983675, at *4 (W.D. Pa. Dec. 2, 2010) ("The lack of a bunk ladder in a prison cell does not meet the stringent requirements of deliberate indifference."); *see also Franco-Calzada v. United States*, 375 F. App'x 217, 218-19 (3d Cir. 2010) (per curiam) (dismissing appeal as frivolous when plaintiff's constitutional claims rested on allegations that he fell from a faulty ladder attached to his top bunk, which defendants knew or should have known to be unsafe because at least two other inmates had fallen). Accordingly, although it is unfortunate that plaintiff was injured when he fell from the top bunk, he cannot state a plausible constitutional claim based on the absence of a safety rail or the defendants' failure to install a safety rail before or after his accident.

To the extent plaintiff is raising claims based on deficiencies in the medical care at the Chester County Prison when he returned from the hospital after his fall, the complaint does not state a constitutional claim as pled. To succeed on any such claims, plaintiff must establish that the defendants were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) (per curiam). As county prisons are not "persons" for purposes of § 1983, he cannot state a § 1983 claim against the Chester County Prison. *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009). Furthermore, although plaintiff generally alleges that he did not receive medical care after repeated requests, he does not allege any facts to plausibly suggest that any of the individual defendants acted with deliberate indifference to his medical conditions. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Finally, he does not identify any policies or customs of PrimeCare Medical that would give rise to a plausible basis for liability against that entity. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss plaintiff's claims against the Chester County Prison with prejudice because that entity is not subject to suit under § 1983. The Court will also dismiss plaintiff's claims based on the absence of a safety rail with prejudice because amendment of those claims would be futile in light of the case law cited above. However, plaintiff will be given leave to file an amended complaint challenging the lack

of medical treatment after his fall in the event he can state a plausible claim. An appropriate order follows.