*L S*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD P. BROWN, SR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | **FILED** |
| TERENCE FARRELL, et al. | : | NO. 16-3097   MAR 3 0 2017 |
| | : | |
| Defendants. | : | KATE BARKMAN, Clerk |
| | | By_____Dep. Clerk |

## M E M O R A N D U M

**STENGEL, J.**                                                                 **March 29, 2017**

## I.    INTRODUCTION

Donald Brown, Sr., a *pro se* prisoner, brings this action pursuant to 42 U.S.C. §

1983 for injuries he sustained, and medical treatment he received, after he fell out of his

bunk bed at Chester County Prison. The defendants filed motions to dismiss plaintiff's

amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to

state a claim. I will grant in part and deny in part the motions to dismiss.

## II.    FACTUAL BACKGROUND

Plaintiff was a prisoner at Chester County Prison in 2015. (Am. Compl., Doc. No.

5, at 1). On May 15, 2015, plaintiff fell off the top bunk of his prison bunk bed. (Id.). He

suffered a concussion, sprained neck, sprained shoulder, and lost two teeth. (Id.). Plaintiff

alleges the upper bunk bed he fell from was "unsecured." (Id.). After he fell, plaintiff was

taken by ambulance to Chester County Hospital for medical treatment. (Id.).

Plaintiff made prior complaints to the prison's warden, defendant Edward McFadden, about the "unsafe conditions" in Chester County Prison. (Id. at 2). Plaintiff alleges these complaints were ignored. (Id.). Plaintiff further alleges McFadden did nothing to fix the conditions he complained about. (Id.).[1] Plaintiff also claims he complained to Captain Morgan Taylor, who also ignored plaintiff's complaints about "a lack of safety measures being taken at Chester County Prison." (Id. at 4).

Prime Care Medical Inc. is a corporation that contracted with Chester County Prison to provide medical treatment to inmates. Karen Murphy worked for Prime Care at the prison where plaintiff was incarcerated at the time of his fall. Plaintiff claims that, upon returning from Chester County Hospital, he complained to Karen Murphy and Prime Care about continuing pain. (Id. at 3). Specifically, he complained about head pain and a lack of range of motion in his neck and shoulder. (Id.). According to plaintiff, these complaints went unanswered. (Id.). Plaintiff also alleges he asked Ms. Murphy for pain medication but she did not provide any. (Id.).[2]

## III.  PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a complaint against defendants Chester County Prison, Terence Farrell, Edward McFadden, Morgan Taylor, Karen Murphy, and Prime Care Medical Inc. on June 17, 2016. (Doc. No. 1-1 at 1). I dismissed the

---

[1] Plaintiff does not identify what the conditions he complained of were. (Am. Compl., Doc. No. 5 at 2). He merely alleges they were "unsafe" and "hazardous" conditions. (Id.).

[2] Lastly, plaintiff alleges that, based on his medical records, he never should have been placed on a top bunk bed. (Id. at 5). Plaintiff does not provide any additional information indicating why he should not have been placed on a top bunk bed or how his medical history confirms this. (Id.).

2

complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.[3] (Doc. No. 2).

All claims against Chester County Prison were dismissed with prejudice because Chester County Prison is not subject to suit under 42 U.S.C. § 1983. (Doc. No. 2). The claims relating to the absence of a safety rail on the top bunk were also dismissed with prejudice because precedent has foreclosed such claims under § 1983. (Id. at 4). In dismissing plaintiff's complaint, I granted him leave to amend to challenge the lack of medical treatment he received after his fall. (Id. at 5).

## IV.    STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

---

[3] Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), district courts may dismiss *pro se* prisoner cases *sua sponte* if the complaint fails to state a claim on which relief may be granted.

Id. at 678.  Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008).  The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233.  Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the court must "determine whether, under any reasonable reading of the

4

complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## V.     DISCUSSION

The defendants, Commissioner Terence Farrell, Warden Edward McFadden, and Captain Morgan Taylor filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. No. 22). The other defendants, Prime Care Medical Inc. and Karen Murphy, also filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. No. 23).

Plaintiff's amended complaint restates his claims based upon the security of his bunk bed. However, such claims are not cognizable under § 1983 because they amount to mere negligence—not a constitutional violation. E.g., Franco-Calzada v. United States, 375 F. App'x 217, 218–19 (3d Cir. 2010) (per curiam); Brown v. Chester Cty. Prison, Civ. A. No. 16-3097, 2016 WL 3511545, at *2 (E.D. Pa. June 27, 2016); Tutora v. Sweeney, Civ. A. No. 14-4458, 2014 WL 7059086, at *2 (E.D. Pa. Dec. 15, 2014); Williams v. Corizon, Civ. A. No. 12-2412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013); Walker v. Walsh, Civ. A. No. 11-1750, 2012 WL 314883, at *5 (M.D. Pa. Dec. 1, 2012); Pumphrey v. Smith, Civ. A. No. 09-233, 2010 WL 4983675, at *4 (W.D. Pa. Dec. 2, 2010). I previously dismissed these claims with prejudice. Plaintiff's restatement of the claims cannot revive them.

### A.     *Deliberate Indifference Claim Against Karen Murphy*

Plaintiff's amended complaint states a plausible deliberate indifference claim against Karen Murphy.

5

In order to make out a claim for deliberate indifference under the Eighth Amendment to the U.S. Constitution, a plaintiff must show: (1) his medical needs were serious; and (2) deliberate indifference on the part of prison officials. Estelle v. Gamble, 429 U.S. 97 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "[A]n inadvertent failure to provide adequate medical care" does not rise to the level of deliberate indifference. Estelle, 429 U.S. at 105–06. Nor do claims of negligence or medical malpractice. Rouse, 192 F.3d at 197.

Plaintiff has satisfied the first prong of his claim: his medical needs were serious. Plaintiff alleges, and defendants do not dispute, that plaintiff suffered a concussion, sprained neck, sprained shoulder, and lost two teeth because he fell headfirst onto the ground from a top bunk.

Plaintiff has also satisfied the second prong: deliberate indifference. Upon returning from the hospital, plaintiff complained to Ms. Murphy, a Prime Care employee, about continuing pain in his head, as well as a lack of range of motion in his shoulder and neck. Ms. Murphy did not respond to plaintiff's complaints. Plaintiff also asked Ms. Murphy for some sort of pain medication, but she ignored him.

Plaintiff's claim against Ms. Murphy is not one for mere negligence. Rather, plaintiff contends that his complaints of head pain were blatantly ignored. Plaintiff had just suffered a concussion. Therefore, any complaints he made to Murphy about "head pain" could have indicated a very serious medical condition. The alleged failure, on the part of Murphy, to do anything about plaintiff's injuries, clearly amounts to deliberate indifference. See Nicini v. Morra, 212 F.3d 798, 815 n.14 (3d Cir. 2000) (explaining that

6

when officials ignore a prisoner's or detainee's "need for medical care" such claims amount to deliberate indifference); <u>Mattern v. City of Sea Isle</u>, 131 F. Supp. 3d 305, 316 (D.N.J. 2015) ("[T]he Third Circuit has found  deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence") (alterations in original); <u>Rodriguez v. Smith</u>, No. 03-3675, 2005 WL 1484591, at *5 (E.D. Pa. June 21, 2005) (denying motion to dismiss § 1983 claim against prison doctors when they prevented plaintiff from receiving medical treatment); <u>Scantling v. Vaughn</u>, No. 03-0067, 2004 WL 306126, at *7–8 (E.D. Pa. Feb. 12, 2004) (denying motion to dismiss plaintiff's § 1983 claims against prison doctors who were alleged to have known about his pain and denied the treatment he requested). Accordingly, I will deny the motion to dismiss plaintiff's claim against Karen Murphy.

### B.      *Deliberate Indifference Claim Against Prime Care Medical Inc.*

Plaintiff's amended complaint fails to state a claim against Prime Care Medical Inc.

As with municipalities, under § 1983, corporations that contract with prisons cannot be held vicariously liable for their employees' acts. <u>Natale v. Camden Cty. Corr. Fac.</u>, 318 F.3d 575, 583 (3d Cir. 2003) (<u>citing</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978)).  For Prime Care to be liable here, plaintiff must allege either a custom or policy that caused the constitutional violation he suffered. <u>Id.</u> at 583–84.

A policy is made when a decisionmaker issues a formal proclamation, policy, or edict. <u>Id.</u> at 584. A custom, unlike a policy, "is an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the

7

force of law.'" Id. (quoting Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)). There are three scenarios in which the acts of a government employee may be deemed the result of a policy or custom, thereby imputing liability onto the employer. Id. The first is when an employee's act is simply an implementation of the alleged custom or policy. Id. The second occurs where no rule or policy has been announced but the policymaker itself has violated federal law. Id. Third, "a policy or custom may also exist where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." Id. (quoting Bryan Cty., 520 U.S. at 417–18) (alteration in original)).

Plaintiff's amended complaint fails to allege any policy or custom. It also fails to allege any decisionmakers or policymakers. Nor does it allege that Ms. Murphy's alleged deliberate indifference was the result of Prime Care's implementation of any rules or policies. Plaintiff's claim against Prime Care is based solely on vicarious liability, which is not cognizable under § 1983. Accordingly, I will dismiss the plaintiff's claim against Prime Care.

## VI.    CONCLUSION

Plaintiff's complaint fails to state a claim for relief, except for his claims relating to medical treatment he received subsequent to his fall from the bunk bed. Plaintiff states

8

a plausible deliberate indifference claim against Karen Murphy, but his claim against Prime Care fails as a matter of law.[4]

      An appropriate Order follows.

---

[4] I will dismiss the claims based on the absence of a bunk-bed railing with prejudice. Allowing amendment of these claims would be futile since they are clearly foreclosed by the law. My previous Opinion made this clear. However, I will allow plaintiff leave to amend his claim against Prime Care Medical Inc. based upon the medical treatment he received after his injuries.