# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD P. BROWN, SR.,** | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION |
| v. | : |
| **KAREN MURPHY,** | : NO. 16-3097 |
| **Defendant.** | : |

## M E M O R A N D U M

**STENGEL, C.J.**                                                                                            **October 19, 2017**

## I.   INTRODUCTION

Plaintiff, Donald P. Brown, Sr., brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging that the defendant, Karen Murphy, acted with deliberate indifference to his medical needs, in violation of the Eighth Amendment. The defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because there are no genuine issues of material fact and the plaintiff has not put forth evidence sufficient for a reasonable jury to reach a verdict in his favor, I will grant the defendant's motion for summary judgment. This ruling renders moot the defendant's motion to compel and the plaintiff's requests for counsel and request for an extension of time to obtain counsel.[1] Since I have previously dismissed the claims against all other defendants, this case is now closed.

---

[1] On May 22, 2017, I referred Mr. Brown's case to the Prisoner Civil Rights Panel, to remain there for 60 days. Mr. Brown's case remained on the Prisoner Civil Rights Panel for four months total and was not selected for representation.

1

## II. BACKGROUND

Mr. Brown fell from the top bunk of his bed at Chester County Prison on June 15, 2015[2] and sustained injuries, including "a concussion, sprained neck and shoulder as well as the loss of two teeth and blood." (Pl.'s Am. Compl. 1, Doc. No. 5.) He was transported to Chester County Hospital for treatment. (Id.) At an unspecified time after his return to prison from the hospital, Mr. Brown claims that he requested medication from the defendant, who worked as a prison nurse, but that she did not assist him. (Id. at 3.) Mr. Brown asserts that Ms. Murphy's inaction demonstrates deliberate indifference in violation of his Eighth Amendment rights. (Id. at 3–4.)

At the time of her alleged indifference, the defendant was a nurse employed by PrimeCare, a prison medical services contractor. (Def.'s Mot. for Summ. J. ¶¶ 3–4, Doc. No. 35.) In her motion for summary judgment, Ms. Murphy states that she "had no interactions with Plaintiff" and bore no responsibilities for his medical care during the relevant time period. (Id. at ¶¶ 5, 69.)

Ms. Murphy avers that a physician's assistant at the prison assessed Mr. Brown upon his return from the hospital on the same day he suffered his injuries. (Id. at ¶¶ 22–23 (referencing Ex. D).) During this examination, according to prison medical records provided by the defendant, Mr. Brown complained of minimal pain. He had full range of motion, and the physician's assistant rated his strength as a 4 out of 5. (Id. at ¶ 23 (referencing Ex. D).) The physician's assistant ordered Ibuprofen. (Id. at Ex. D.)

---

[2] The plaintiff stated that the date of his fall was May 15, 2015, but the records establish that it occurred on June 15, 2016. (See, e.g., Def.'s Mot. for Summ. J. Ex. B, Doc. No. 35.) This is not a material discrepancy.

2

Defendant Murphy additionally produced PrimeCare records of Mr. Brown's sick call requests between June 15, 2015 (the date of the incident) and his Sept.17, 2015 release from prison. (Id. at ¶ 27 (referencing Ex. H).) These sick call requests include: Mr. Brown's June 16 complaint of headache and right shoulder pain; a June 28 complaint of headache and neck and shoulder pain; a July 11 complaint of a broken tooth; a July 12 complaint of neck and shoulder pain; an Aug. 15 complaint of neck and right shoulder pain and headaches; an Aug. 24 headache complaint; a Sept. 2 complaint of neck problems; a Sept. 10 complaint of a bump on his head; and a Sept. 15 headache complaint. (Id. at Ex. H.) All sick call requests were marked as "tasked and triaged" by medical staff. (Id.) Other defense exhibits provide more detailed notations by medical caretakers regarding Mr. Brown's condition and the medical care provided to him on at least eight occasions within the three month period after his fall from the top bunk. (Id. at Exs. G, K.) These records collectively show that the plaintiff received extensive medical care for his injuries after returning to prison from the hospital.

Additionally, the defendant states that in the course of the plaintiff's medical care, "Nurse Murphy did not have any interaction with Plaintiff and was not tasked with providing Plaintiff care or treatment as it relates to his alleged injury." (Id. at ¶ 54.) Mr. Brown does not provide any evidence to the contrary.

In the records provided by Ms. Murphy, her name is referenced only one time—on a medical records request dated July 28, 2015, in which the plaintiff stated that he previously made "numerous" such requests for his records. (Id. at ¶ 55, Ex. I.) Ms.

3

Murphy states that after his records request, the plaintiff was given a memorandum, (Id. at Ex. I), outlining the procedure for prisoners to obtain medical records and noting that requests should not "go to Karen Murphy and/or any other staff member in the medical department." (Id. at ¶ 54, Ex. I.)

The Plaintiff initiated the present action by filing a complaint against Chester County Prison, Terence Farrell, Edward McFadden, Morgan Taylor, Karen Murphy, and PrimeCare Medical, Inc. on June 27, 2016 (Doc. No. 4), followed by an amended complaint on Aug. 1, 2016 (Doc. No. 5). On Aug. 15, 2016, I dismissed any claims against Chester County Prison. (Doc. No. 6.) On Mar. 30, 2017, I dismissed with prejudice the claims against Terence Farrell, Edward McFadden, and Morgan Taylor, dismissed without prejudice the claims against PrimeCare Medical, Inc., and denied Defendant Murphy's motion to dismiss, leaving her as the sole remaining defendant in this case. (Doc. No. 28.)

On July 21, 2017, the defendant filed her motion for summary judgment. (Doc. No. 35.) On Sept. 19, 2017, she filed a motion to compel, stating that the plaintiff failed to respond to multiple requests for information, including requests for him to authorize his medical providers to release his records. (Doc. No. 37.) On July 5, 2017 and Sept. 13, 2017, the plaintiff filed requests for counsel (Doc. Nos. 33, 36), though he remained on the Prisoner Civil Rights Panel during that period of time. And on Oct. 5, 2017, the plaintiff filed a request for an extension of time to obtain counsel (Doc. No. 39).

## III. LEGAL STANDARD

A court shall grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it would affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A disputed issue is "genuine" if it would allow a reasonable fact-finder to return a verdict in favor of the nonmoving party. Id. Summary judgment is appropriate when the nonmoving party fails to provide evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party seeking summary judgment must inform the court of the basis for its motion and identify the portions of the record that demonstrate "the absence of a genuine issue of material fact." Id. at 323. Relevant portions of the record include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Alternatively, the moving party can show "that the materials cited [by the nonmoving party] do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Id.

When determining whether to grant summary judgment, a court must draw "all justifiable inferences" in favor of the nonmoving party and must conclude not whether "the evidence unmistakably favors one side or the other but whether a fair-minded jury

could return a verdict for the plaintiff on the evidence presented." Anderson, 477 U.S. at 252, 255.

## IV. DISCUSSION

Based on the evidence in the record, a reasonable fact-finder could not return a verdict in favor of Mr. Brown. Therefore, I will grant the defendant's motion for summary judgment.

Plaintiff Brown claims that he is entitled to relief under 42 U.S.C. § 1983 because Ms. Murphy acted with deliberate indifference, in violation of his rights under the Eighth Amendment of the U.S. Constitution. Deliberate indifference by prison officials to prisoners' medical needs can constitute a violation of the Eighth Amendment and a valid claim under 42 U.S.C. § 1983. Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To establish a cognizable claim, a plaintiff must make "(1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quotations omitted) (alteration in original); see also Estelle, 429 U.S. at 104.

Regarding the first requirement of this Eighth Amendment claim, subjective deliberate indifference means "intentionally denying or delaying access to medical care or [intentionally] interfering with the treatment once prescribed." Pearson, 850 F.3d at 533 (quoting Estelle, 429 U.S. at 104–05). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). Indifference that offends "evolving standards

6

of decency" violates the Eighth Amendment. Estelle, 429 U.S. 97, 106. However, medical negligence alone does not constitute deliberate indifference. Id.

Regarding the "serious medical needs" requirement, "[a] medical need is serious where it 'has been diagnosed by a physician as requiring treatment' or is 'so obvious that a lay person would easily recognize the necessity' of medical attention." Palakovic, 854 F.3d at 227 n.23 (quoting Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d, 326, 347 (3d Cir. 1987)).

In this case, the plaintiff's only allegation against Ms. Murphy is that when he asked her for medication for his "acute pains" at an unspecified time after his return to prison from the hospital, he "went without any assistance from PrimeCare medical." Plaintiff alleges that Defendant Murphy "known [sic] or should have known that [he] required additional medical aftercare." (Pl.'s Am. Compl. 3–4).

As to the first element of a deliberate indifference claim, Mr. Brown does not provide any evidence to demonstrate that Ms. Murphy acted with deliberate indifference regarding his medical needs. He does not detail the manner in which Ms. Murphy ignored him or the alternative actions she should have taken under the circumstances in order to establish that her alleged inaction meets the high threshold for deliberate indifference. See Giles, 571 F.3d at 330 ("To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm.").

Additionally, the records provided by the defendant indicate that prison medical staff examined Mr. Brown on at least five occasions throughout the week following his injury, (Def.'s Mot. Ex. K), and that Mr. Brown requested and received medical care on

7

at least nine occasions (primarily for headache and neck and shoulder pain) in the three months after his return to prison from the hospital, (Def.'s Mot. Ex. H). With no evidence to the contrary, these records show that the plaintiff was provided extensive medical care while in prison after his injury.

Regarding the second prong of a deliberate indifference claim, Mr. Brown fails to demonstrate that his medical needs were serious. See Estelle, 429 U.S. at 104; Pearson, 850 F.3d at 534. In Pearson, the parties and the court all agreed that the prisoner's appendicitis and urethral tear, which caused sharp pains and significant bleeding after the prisoner returned from having surgery on his appendix, constituted serious medical needs. See Pearson, 850 F.3d at 532, 534. On the other hand, the Estelle Court found that the prisoner did not state a cognizable § 1983 claim when he alleged that doctors' treatment of his lower back strain with "bed rest, muscle relaxants and pain relievers" constituted deliberate indifference. Estelle, 429 U.S. at 107.

In this case, the plaintiff provides no basis to support a finding that his medical needs were serious after he returned to prison from the hospital. In his amended complaint, the plaintiff described his medical condition as "acute pains" without specifying the location or nature of the pain. (Pl.'s Am. Compl. 3). And he provided no further evidence anywhere in the record. Therefore, the plaintiff has failed to set forth any objective evidence that would demonstrate serious medical needs under the Eighth Amendment.

Considering the above, the plaintiff has not provided sufficient evidence to establish subjective deliberate indifference sufficient for a reasonable jury to find in his

favor, nor to make an objective showing that his medical needs were serious. See Pearson, 850 F.3d at 534.  Even if Ms. Murphy acted negligently, which there is no evidence to support, medical negligence does not give rise to a cognizable constitutional claim. See Estelle, 429 U.S. at 106.

In conclusion, taking Mr. Brown's allegations as true and viewing them in the light most favorable to him, no reasonable jury could find in his favor. See Anderson, 477 U.S. at 255. While Mr. Brown's assertion that he asked Ms. Murphy for assistance conflicts with her statement that she had no involvement in his care, (Def.'s Mot. 17, ¶ 69), the facts in tension are neither "material" nor "genuine" because they would not affect the outcome of the case—Mr. Brown would still not have a viable constitutional claim. See Fed. R. Civ. P. 56(a); Anderson, 477 U.S. at 248. Therefore, there is no genuine issue of material fact at issue in this case. See Celotex Corp., 477 U.S. at 322. As such, I will grant summary judgment in favor of Ms. Murphy and find that her motion to compel is moot.

## V. CONCLUSION

The plaintiff has not put forth evidence sufficient to raise a genuine dispute of material fact as to whether the defendant treated him with deliberate indifference in violation of his Eighth Amendment rights. Accordingly, I will grant the defendant's motion for summary judgment. This ruling renders moot the defendant's motion to compel (Doc. No. 37) and the plaintiff's requests for counsel and for an extension of time to obtain counsel (Doc. Nos. 33, 36, 39). Since I have previously dismissed the claims against all other defendants in this case, the case is now closed.